UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARVIN SMITH,                          )
                                       )
                 Petitioner,           )
                                       )
        v.                             )        No. 1:18-cv-03293-JMS-MJD
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                 Respondent.           )

**Entry Granting Motion to Vacate, Set Aside, or Correct Sentence**

For the reasons explained in this Entry, the motion, dkt [1], supplement, dkt [2], first amended motion, dkt [22], second amended motion, dkt [38], and second supplement, dkt [39], filed by Petitioner Marvin Smith seeking relief pursuant to 28 U.S.C. § 2255 is granted to the extent that Smith's criminal Judgment is vacated and he is entitled to resentencing.

**I. § 2255 Overview**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

1

## II. Discussion

### A. Background

On December 31, 2015, Marvin Smith entered a Kroger pharmacy, located at 680 Twin Aire Drive, in Indianapolis, Indiana. He approached the pharmacy counter and handed a computer printed note to a pharmacy technician that read as follows:

> OXYCODONE 30mg QTY 300
> OXYDOCONE 20mg
> OXYCODONE 15mg
> TUSSIONEX
>
> I have a gun. Do not trip that silent alarm. Lets all make it to see 2016. We can all go home in one piece. I am so NOT PLAYING. THANKS 4 YOUR COOPERATION

*United States v. Smith,* Case Number 1:16-cr-129-JMS-TAB-1 (hereinafter "Crim. Dkt."), 56, ¶ 6.

Smith lifted his shirt to display a handgun tucked into his waistband. He threatened the pharmacist not to make any moves or he would be the first to die. The pharmacist complied and gave Smith multiple bottles of Oxycontin, valued at $717.97.

Smith then fled the store on foot. Detectives later viewed store surveillance video and noticed Smith get into a mid-2000s black four door Chrysler 300. The video was submitted to the forensic video unit and documented. Crim. Dkt. 56, ¶ 7.

On May 10, 2016, Smith entered a Kroger pharmacy located at 7101 E. 10th Street, in Indianapolis. He approached the pharmacy counter and handed a note to a pharmacy technician that read as follows:

> ROBBERY
>
> Give me ALL Oxycodone 30mg, Oxycodone 20mg & Oxycodone 15mg
>
> Don't use the phone, don't hit that silent alarm and most importantly DON'T PLAY WITH ME. I SWEAR I HAVE A GUN. DON'T CALL MY BLUFF!!!!!!

2

Crim. Dkt. 56, ¶ 8.

The pharmacist complied, placing multiple bottles (approximately 1500 to 2000 pills) of Oxycodone, valued at $3,558.92, in a bag and giving it to Smith. Detectives later viewed store surveillance video and noticed Smith get into a mid-2000 black four door Chrysler 300. The video was submitted to the forensic video unit and documented. Crim. Dkt. 56, ¶ 9.

On May 12, 2016, while driving a 2007 black Chrysler 300, Smith was stopped for a traffic violation. Officers arrested him for driving on a suspended license with a prior conviction. Detectives compared his booking photo to the still images obtained from the Kroger robberies on December 31, 2015, and May 10, 2016, and concluded that Smith was likely the same person.

Seven days later, Smith was arrested for the robberies. At the time of the arrest, he had a plastic bag containing approximately 100 Oxycodone pills. He admitted that he received the pills when he robbed a Kroger on May 10, 2016.

### B.  Smith's Convictions and Sentence

In 2018, Smith pleaded guilty to two counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Robbery"). Crim. Dkt. 61. Under the terms of his plea agreement, Smith stipulated to the facts supporting his pleas of guilty, waived his right to file a direct appeal and, other than claims of ineffective assistance, waived his right to challenge his conviction or sentence in a § 2255 motion. Crim. Dkt. 47.

On March 9, 2018, Smith was sentenced to a term of 105 months' imprisonment after the Court found that he was a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. This determination was made under the 2016 edition of the Sentencing Guidelines.[1] Crim. Dkt. 56 ¶ 14. Section 4B1.1 provides:

---

[1] At this time the Guidelines were understood to be advisory. *See United States v. Booker*, 543 U.S. 220 (2005).

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2 defines a crime of violence as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

Smith's career criminal status under the Guidelines was supported by the following prior offenses:

- a 2006 Indiana felony burglary conviction (Marion County Superior Court, Cause No. 49G02-0607-FC-122235), Crim. Dkt. 56, ¶ 40;

- a 2009 Indiana felony robbery conviction (Marion County Superior Court, Cause No. 49G02-0812-FC-271436), Crim. Dkt. 56, ¶ 42; and

- a 2009 Indiana felony robbery conviction (Marion County Superior Court, Cause No. 49G05-0901-FC-014232), Crim. Dkt. 56, ¶ 43.

An offense level of 29 combined with Smith's criminal history category of VI resulted in a sentencing range of 151 to 188 months imprisonment under the Guidelines. Crim. Dkt. 56, ¶ 81. Thus, the 105-month term of imprisonment was below the sentencing guideline range. Smith did not appeal.

### III. Smith's Claims for Relief

Smith argues that his trial counsel was ineffective for failing to challenge the career offender enhancement under the sentencing guidelines, USSG § 4B1.1, and for failing to file a notice of appeal.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, Smith must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Each of Smith's specifications of ineffective assistance is discussed below.

## A.  Challenge to Career Offender Enhancement Under § 4B1.1

On October 25, 2018, Smith filed a motion for relief pursuant to 28 U.S.C. § 2255, and a supplement on October 30, 2018. Dkt. 1 and 2. He further amended his arguments on February 12, 2020. Dkts. 38 and 39. Smith argues that his attorney was ineffective for failing to object to the application of the career offender enhancement under § 4B1.1 because 1) his Hobbs Act Robbery Convictions are not "crimes of violence"; and 2) his Indiana robbery and burglary convictions were not crimes of violence under § 4B1.1. Dkt. 18 at 15; dkt. 38 at 5. Smith argues that had his attorney objected to the application of this enhancement he would have received a reduced sentence. The United States argues that this action should be dismissed because Smith cannot show that his trial counsel was ineffective.

"In the sentencing context, an attorney's unreasonable failure to identify and bring to a court's attention an error in the court's Guidelines calculations that results in a longer sentence may constitute ineffective assistance entitling the defendant to relief." *Bridges v. United States*, No. 1:19-cv-00550-TWP, 2020 WL 131447, at * 2 (S.D. Ind. Mar. 20, 2020) (*quoting United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011)).

Smith's first assertion of ineffective assistance of counsel is that his attorney failed to argue that Hobbs Act Robbery is not a crime of violence for purposes of § 4B1.1. This assertion must be rejected. Smith cannot show that trial counsel's performance was deficient because at the time he was sentenced in March of 2018, his Hobbs Act Robbery offense qualified for purposes of § 4B1.1, so it would have been futile for his trial counsel to object to his designation as a career offender.

In the Seventh Circuit Hobbs Act Robbery is a crime of violence. *See United States v. Ingram*, 947 F.3d 1021, 1025-26 (7th Cir. 2020) (Hobbs Act Robbery is a crime of violence under § 924(c)(1)(A)); *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 924(c)(3)(A)."); *Bridges v. United States*, No. 1:19-cv-00550-TWP, 2020 WL 131447, at * 2 (S.D. Ind. Mar. 20, 2020) (same). And while the Seventh Circuit had not directly addressed whether Hobbs Act Robbery is a crime of violence under the guidelines at the time Smith was sentenced, it has stated that it has "typically interpreted 'crime of violence' the same way under the guidelines and § 924(c)." *United States v. Tyler*, 780 F. App'x 360, 363 (7th Cir. 2019) (*citing United States v. Campbell*, 865 F.3d 853, 857 (7th Cir. 2017)). *See also United States v. Edwards*, 836 F.3d 831, 834 n.2 (7th Cir. 2016) ("[W]e refer to cases dealing with the ACCA and the career offender guideline provision interchangeably."); *Welch v. United States*, 604 F.3d 408, 433 (7th Cir. 2010) (stating that a violent felony under the Armed Career Criminal Act should be interpreted identically to a 'crime of violence' in the Sentencing

Guidelines). It is only recently that that holding has been called into question. Therefore, Smith's trial counsel's conduct was "reasonable[] under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). Accordingly, Smith cannot show deficient performance on the part of his attorney or any resulting prejudice. No relief is warranted on this basis.

Next Smith's argues that his prior Indiana convictions are not appropriately considered crimes of violence to trigger the career offender enhancement of USSG 4B1.1. Smith's career criminal status under the Guidelines was supported by the following qualifying prior offenses:

- a 2006 Indiana felony burglary conviction (Marion County Superior Court, Cause No. 49G02-0607-FC-122235), Crim. Dkt. 56, ¶ 40;

- a 2009 Indiana felony robbery conviction (Marion County Superior Court, Cause No. 49G02-0812-FC-271436), Crim. Dkt. 56, ¶ 42;

- A 2009 Indiana felony robbery conviction (Marion County Superior Court, Cause No. 49G05-0901-FC-014232), Crim. Dkt. 56, ¶ 43.

First, Smith argues that his conviction in Cause No. 49G05-0812-FC-271436 was modified by the Indiana Court of Appeals in 2010. *Smith v. Indiana,* 49A05-905-CR-256 (Ind. Ct. App. Feb. 18, 2010). As a result, his conviction was reduced from Class C felony robbery to Class C felony attempted robbery. Dkt. 38-1 at p. 8. Smith contends that attempted robbery is not a crime of violence. Dkt. 38 at 5. In *United States v. D.D.B.*, 903 F.3d 684 (7th Cir. 2018), the Seventh Circuit was tasked with deciding, "if Indiana attempted robbery is a crime of violence, or more technically, 'has as an element thereof the use, attempted use, or threatened use of physical force against the person of another.'" *D.D.B.,* 903 at 687. The Seventh Circuit held that attempted robbery in Indiana is not a crime of violence. *Id.* at 693.

Smith claims that his attorney's performance was deficient because he did not argue that Smith's April 14, 2009 Indiana robbery conviction was reduced to "attempted robbery" and did not

qualify as a crime of violence under § 4B1.1(b). Dkt. 38, p. 4. In response, the United States argues

that Smith was not prejudiced by his attorney's performance because he still had two other

qualifying prior convictions: the September 8, 2006 Indiana felony burglary conviction and the

April 21, 2009, Indiana felony robbery conviction. Dkt. 42 at p. 9 (citing Crim. Dkt. 56, ¶¶ 40, 43).

The United States is mistaken. While it is true that both Indiana Burglary and Indiana

Robbery qualify as crimes of violence under the ACCA, burglary is not an enumerated offense

listed in § 4B1.2 now or at the time Smith was sentenced. Section 4B1.2(a) defines a crime of

violence as:

> any offense under federal or state law, punishable by imprisonment for a term
> exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force
> against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible
> sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm
> described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C.
> § 841(c).

Application note 4 states, "There may be cases in which a burglary involves violence, but does not

qualify as a 'crime of violence' as defined in §4B1.2(a) and, as a result, the defendant does not

receive a higher offense level or higher Criminal History Category that would have applied if the

burglary qualified as a 'crime of violence.' In such a case, an upward departure may be

appropriate." *See United States v. Young*, 863 F.3d 685, 687 (7th Cir. 2017) (acknowledging that

Indiana burglary is not a crime of violence under § 4B1.2(a)).

As a result, Smith's Indiana convictions for attempted robbery and burglary should not have

been used to support the § 4B1.1 career offender enhancement. Accordingly, the record no longer

reflects that Smith had two prior felony convictions of either a crime of violence or a controlled

substance offense as those terms are defined by the sentencing guidelines. Under these circumstances, there is a reasonable probability that, had counsel objected to these errors that the result of the proceeding would have been different. The court acknowledges that this area of the law has been rapidly evolving, but contrary to the United States' assertion this court could not identify any controlling case law that would have foreclosed counsel's challenges to these predicate convictions at sentencing.

Accordingly, Smith's motion to correct sentence is **granted.** The judgment in the underlying criminal case shall be vacated subject to the imposition of a new sentence. The underlying convictions remain intact.

## B.    Failure to Appeal

On July 17, 2019, Smith filed an amended § 2255 in which he argues that he is entitled to relief because he specifically instructed his attorney to file a notice of appeal and counsel failed to do so. Dkt. 22. This claim is based on the Supreme Court's 2019 decision in *Garza v. Idaho*, 139 S.Ct. 738 (2019), abrogating *Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008). The Court permitted Smith to add this claim, dkt. [23], and the United States filed a response. Dkt. 30. Smith filed a reply. Dkt. 34. Given the fact that Smith's motion to correct sentence has been granted and the criminal judgment will be vacated, his request that the Court find he is now entitled to appeal is moot. Smith will have the opportunity to file a Notice of Appeal after he is resentenced. Under these circumstances, an evidentiary hearing on this issue is no longer necessary. *See* Dkt. 23.

Finally, the motion to appoint counsel, dkt. [40], is **denied.** Smith has received all the relief to which he is entitled in this action. Counsel shall represent him in the criminal case.

### III.  Conclusion

Smith's motion for case status, dkt. [45], is granted consistent with this Order. For the reasons explained in this Entry, Smith is entitled to resentencing based on his attorney's failure to challenge his career offender sentencing enhancement.

The motion to appoint counsel, dkt. [40], is **denied.**

The **clerk is directed** to docket a copy of this Order in 1:16-cr-129-JMS-TAB-1. The motion to vacate in the criminal case, crim. dkt. [76], is **granted.** The Judgment in the criminal case entered on March 9, 2018, is **vacated**. Smith's convictions remain intact subject to resentencing. Smith shall remain in custody pending resentencing.

**IT IS SO ORDERED.**

Date: 1/11/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MARVIN SMITH
15250-028
OXFORD - FCI
OXFORD FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
OXFORD, WI 53952

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov